SHIRLEY S. ABRAHAMSON, J. (concurring).
¶ 59 I largely agree with the analysis of the majority opinion, and I concur in the mandate.
¶ 60 Nonetheless, I am concerned with the majority's discussion of the court of appeals' decision in State v. Radaj.[1] Specifically, I disagree with the majority's suggestion that there is never a circumstance under which the mandatory DNA surcharge would be considered punishment.[2]
I
¶ 61 Under the second part of the "intent-effects" test, the court determines whether the mandatory DNA surcharge has a punitive effect despite its non-punitive intent.[3] Seven factors guide the analysis of whether the mandatory DNA
*391 surcharge actually punishes a particular defendant. Among the seven factors are (1) whether the surcharge promotes the traditional aims of punishment-retribution and deterrence; and (2) whether the sanction is excessive in relation to the alternative, non-punitive purpose assigned to the sanction.[4]
¶ 62 Under the mandatory DNA surcharge statute in effect when Williams was sentenced (and still in effect today), circuit courts are required to impose upon defendants a surcharge of $200 per misdemeanor conviction and $250 per felony conviction.[5] There is no maximum DNA surcharge, and because the surcharge is calculated on a per-conviction basis, the DNA surcharge varies from case to case.
¶ 63 In Radaj, the defendant pleaded guilty to four felonies. As required by the mandatory DNA surcharge statute, the circuit court imposed a $1,000 DNA surcharge (i.e., $250 per felony conviction).[6] The court of appeals held that the $1,000 DNA surcharge violated the Ex Post Facto Clauses of the Wisconsin and United States Constitutions because the surcharge was "not rationally connected and [was] excessive in relation to the surcharge's intended purpose, and that its effect [was] to serve traditionally punitive aims."[7]
*699 ¶ 64 The court of appeals in Radaj incorrectly assumed that the purpose of the mandatory DNA surcharge statute was to reimburse the government for the cost of "DNA-analysis-related activities" incurred in relation to a particular defendant's prosecution.[8] In State v. Scruggs,[9] this court explained that the mandatory DNA surcharge statute serves as a funding mechanism for broad expansions to the government's DNA database, including additional costs associated with collecting, analyzing, and maintaining DNA samples of those convicted of misdemeanors and those arrested for, but not convicted of, felonies.[10] Thus, the majority correctly overrules Radaj for having mistakenly conducted its intent-effects analysis with a misunderstanding of the broader funding purpose of the mandatory DNA surcharge statute.
¶ 65 However, the majority goes too far by suggesting that a DNA surcharge could never be considered punishment under any set of circumstances.[11]
¶ 66 In the instant case, Williams was convicted of only one felony. The court does not have before it a defendant with multiple felony convictions as the court of appeals did in Radaj.
¶ 67 The majority should reserve judgment on whether a DNA surcharge can ever be so expensive that it constitutes *392 punishment under the facts of a particular case. Without knowing what the DNA surcharge *700 actually is in a particular case, how can a court determine whether the surcharge promotes the traditional aims of punishment?[12] How can a court determine whether the surcharge is excessive in relation to the non-punitive purpose assigned to the mandatory DNA surcharge statute without knowing what the DNA surcharge actually is?[13] Because of the variable nature of the DNA surcharge, these questions must be answered on a case-by-case basis.
II
¶ 68 The majority appears to have again reached beyond the issues presented in order to answer a question not raised by the facts of the case before it.[14] Due process and judicial restraint counsel against deciding an issue that was not briefed or argued by the parties.
¶ 69 For the foregoing reasons, I do not join the opinion but concur only in the mandate.

State v. Radaj, 2015 WI App 50, 363 Wis. 2d 633, 866 N.W.2d 758.

See majority op., ¶ 38.

State v. Scruggs, 2017 WI 15, ¶ 39, 373 Wis. 2d 312, 891 N.W.2d 786.

Id., ¶ 41.

Wis. Stat. § 973.046(1r)(a) (2013-14). When Williams committed the felony in the instant case, the DNA surcharge was discretionary, could only be imposed for a felony conviction, and could not exceed $250. Wis. Stat. § 973.046(1g) (2011-12).

Like Williams, the defendant in Radaj committed his crimes when the surcharge was discretionary but was sentenced when the surcharge was mandatory.

Radaj, 363 Wis. 2d 633, ¶ 35, 866 N.W.2d 758 (emphasis added).

See id., ¶ 30.

State v. Scruggs, 2017 WI 15, 373 Wis. 2d 312, 891 N.W.2d 786.

Id., ¶ 47.

See majority op., ¶ 38 (characterizing the per-conviction method of calculating a DNA surcharge as a "user fee" in which "[t]he more crimes committed, the more times the user pays the fee").

See majority op., ¶ 36 (relying on Williams' single $250 surcharge to conclude that the surcharge does not have a retributive or deterrent effect).

See majority op., ¶¶ 39-42 (engaging in a fact-specific analysis of whether Williams' single $250 surcharge is excessive in relation to the broad funding purpose of the mandatory DNA surcharge statute).

See Springer v. Nohl Elec. Prods. Corp., 2018 WI 48, 381 Wis.2d 438, 912 N.W.2d 1 (Abrahamson, J., dissenting).